PHILIP L. ROSS, CA Bar No. 090042
plross@littler.com
JESSICA X. ROTHENBERG, CA Bar No. 284823
jrothenberg@littler.com
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Fax No: 415.399.8490

Attorneys for Plaintiffs
ANDREW J. PONTE and CENTRAL
GARDEN & PET COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW J. PONTE and CENTRAL GARDEN & PET COMPANY,<br><br>Plaintiffs,<br>v.<br><br>SPECTRUM BRANDS, INC.<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>Declaratory Relief Act (28 U.S.C. §§ 2201-2202) |

Plaintiffs Andrew J. Ponte ("Ponte") and Central Garden & Pet Company ("Central") for their Complaint allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs Ponte and Central bring this action for a declaration that the non-competition and non-solicitation covenants found in a written agreement that exists between Defendant Spectrum Brands, Inc. ("Spectrum') and Plaintiff Ponte are void and unenforceable under California Business & Professions Code section 16600, so that Plaintiff Ponte may render services to his new employer Plaintiff Central and work with customers and other businesses with whom he had contact, and responsibility for, when he worked with Defendant Spectrum, in connection with his new employment.

**COMPLAINT FOR DECLARATORY RELIEF**

LITTLER MENDELSON
A Professional Corporation
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.

3. The parties are of diverse citizenship. Plaintiff Ponte is a citizen of the State of California who resides in Contra Costa County, California. Plaintiff Central is a corporation organized under the laws of the State of Delaware, with its principal place of business in Walnut Creek, Contra Costa County, California. Defendant Spectrum is a corporation organized under the laws of the State of Wisconsin, with its principal place of business located in Atlanta, Georgia or Madison, Wisconsin.

4. The amount in controversy between each Plaintiff and the Defendant exceeds $75,000, exclusive of interest and costs. Enforcement of the non-competition and non-solicitation covenants would cause Plaintiff Ponte to lose income in an amount in excess of $75,000. Plaintiff Ponte's written offer of employment with Plaintiff Central provides for annual incentive compensation in excess of $75,000 that Ponte has a reasonable expectation of earning during his first year of employment with Central, but which Ponte could not earn if the non-competition and non-solicitation covenants were enforced. Enforcement of the non-competition and non-solicitation covenants would additionally cause Plaintiff Central damages in excess of $75,000 as its written offer of employment to plaintiff Ponte obligates it to pay Plaintiff Ponte in excess of $75,000 in base salary during his first year of employment, which amount would still be payable even if Ponte were prohibited from providing Central the expected and agreed upon employment services if the non-competition and non-solicitation covenants were enforced.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as it is where a substantial part of the events occurred giving rise to the claim alleged in this complaint.

## INTRADISTRICT ASSIGNMENT

6. Pursuant to Civil L.R. 3-2(c), intradistrict assignment in the Oakland Division or the San Francisco Division is proper because a substantial part of the events or omissions that give rise to the claim occurred within Contra Costa County.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

COMPLAINT FOR DECLARATORY RELIEF

2.

## THE PARTIES

7. Plaintiff Andrew J. Ponte (hereafter "Ponte") is a citizen of the State of California, and a resident of Contra Costa County.

8. Plaintiff Central Garden & Pet Company (hereafter "Central") is a Delaware corporation, licensed to do and doing business in the State of California with its headquarters and principal place of business in Walnut Creek, California, within Contra Costa County. Plaintiff Central is in the business of development, manufacture and sale of lawn and garden supply and pet supply products.

9. Defendant Spectrum Brands, Inc. (hereafter "Spectrum") is a Wisconsin corporation, licensed to do and doing business in the State of California with its World headquarters and principal place of business located in Atlanta Georgia, and its North American headquarters located in Madison, Wisconsin. Defendant Spectrum is also in the business of development, manufacture and sale of lawn and garden supply and pet supply products.

## FACTUAL BACKGROUND

10. From at least 2005 to April 1, 2015, Plaintiff Ponte was employed by Defendant Spectrum. As part of that employment, Spectrum had Ponte sign a written agreement that contains provisions that prohibit Ponte, until a date that is 12 months following the termination of Ponte's employment with Spectrum, from, among other things: (1) providing services, as an employee or in any other capacity, of the same or similar kind or nature that he provided to Spectrum, to any entity that competes with Spectrum; and (2) contacting any of Spectrum's customers with whom Ponte had specified involvement as an Spectrum employee, where the contact's general purpose is to sell competing products to the customer. Plaintiff Ponte and Plaintiff Central are informed and believe, and thereupon allege, that the terms of the written agreement signed by Plaintiff Ponte are similar, if not essentially identical, to the following language found in other Spectrum Brands written agreements with employees like Plaintiff Ponte, to wit:

> 5. **Executive's Covenant Not to Compete and Non-Solicitation Covenant.**
>
> 5.1 During the Non-Competition Period, the Executive [Ponte] will not, directly or indirectly, either separately, jointly, or in association with

COMPLAINT FOR DECLARATORY RELIEF

3.

others, as an officer, director, consultant, agent, employee, owner, principal, partner, or stockholder of any business, or in any other capacity, provide services of the same or similar kind or nature that he or she provides to the Company [Spectrum] to, or have a financial interest in (excepting) only the ownership of not more than 5% of the outstanding securities of any class listed on an exchange of the Nasdaq Stock market), any competitor of the Company or any of its subsidiaries (which means person or organization that is in the business of or makes money from designing, developing or selling products or services similar to those products and services developed, designed or sold by the Company). For purposes of this Agreement, the "Non-Competition Period" means the period beginning on the date hereof and continuing until the date which is the one year anniversary of the date of termination. In recognition, acknowledgment and agreement that the Company's business and operations extend throughout North America and beyond, the parties agree that the geographic scope of this covenant not to compete shall extend to North America.

5.2 Without limiting the generality of Section 5.1 above, during the Non-Competition Period the Executive will not, directly or indirectly, in any capacity, either separately, jointly, or in association with others, solicit or otherwise contact any of the Company's customers with whom the Executive had contact, responsibility for, or had secured confidential information about by virtue of his or her employment with the Company at any time during his or her employment, if such contact is for the general purpose of selling products that the Company had available for sale to its customers during the Non-competition Period.

...

5.4 For purposes of this Section 5 and Section 6, the "Company" refers to the Company and any incorporated or unincorporated affiliate of the Company.

11. During his employment with Spectrum, Ponte has served as an executive leading both sales and trade marketing teams. Ponte most recently served as Vice President of Sales and Trade Marketing for United Pet Group ("UPG"), a subsidiary of Spectrum that manufactures and sells

COMPLAINT FOR DECLARATORY RELIEF
4.

consumer pet supply products for dogs, cats, birds, small animals, fish and reptiles. Prior to assuming responsibilities for UPG Marketing in 2008, Ponte was responsible for UPG's North American Sales beginning in 2005, and before that, among other things, started the first UPG Customer platform team (for Wal-Mart) in 2001.

12. On April 1, 2015, Plaintiff Ponte resigned his employment with Defendant Spectrum.

13. Plaintiff Ponte accepted an offer of employment in Walnut Creek, California as an employee by Plaintiff Central. Plaintiff Ponte is employed by Plaintiff Central as Senior Vice President of Sales, Business Unit Leader – Breeders, an operational unit within Central that manufactures and sells pet supplies for dogs and cats, with a start date of April 2, 2015. Plaintiff Ponte's job responsibilities for Plaintiff Central are to be performed at Plaintiff Central's headquarters located in Walnut Creek, California.

14. During Plaintiff Ponte's first year of employment with Plaintiff Central, Plaintiff Central has, among other things, agreed and is obligated to pay Plaintiff Ponte, and Plaintiff Ponte has agreed to accept, an annual base salary that exceeds $75,000, as well as an annual bonus in excess of $75,000 based upon Plaintiff Ponte's attainment of personal performance criteria and other factors as established by Plaintiff Central.

15. As Plaintiff Central is in the business of, or makes money, from designing, developing or selling products or services similar to those products and services developed, designed or sold by Defendant Spectrum – including, *inter alia,* pet supplies, Plaintiff Central is a "competitor" of Defendant Spectrum, as that term is described in the written agreement containing restrictive covenants that exists between Plaintiff Ponte and Defendant Spectrum.

16. In his position as an employee of Plaintiff Central as Senior Vice President Sales, Business Unit Leader – Breeders, Plaintiff Ponte will provide services of the same or similar kind or nature that he formerly provided to Defendant Spectrum, as within the meaning of the written agreement containing restrictive covenants that exists between Plaintiff Ponte and Defendant Spectrum. In his position as an employee of Plaintiff Central as Senior Vice President of Sales, Business Unit Leader – Breeders, it is also expected that Plaintiff Ponte will have contact with customers and other businesses with whom Plaintiff Ponte also previously had contact, or

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

COMPLAINT FOR DECLARATORY RELIEF

5.

responsibility for, as an employee of Defendant Spectrum. The general purpose of Plaintiff Ponte's contacts will be to sell Plaintiff Central's products to those customers and other businesses, which products of Plaintiff Central compete with products of Defendant Spectrum, as within the meaning of the written agreement containing restrictive covenants that exists between Plaintiff Ponte and Defendant Spectrum.

17. The covenant not to compete provisions and non-solicitation provisions found in in the written agreement containing restrictive covenants that exists between Plaintiff Ponte and Defendant Spectrum are unlawful and void as against public policy under California Business and Professions Code section 16600, which states that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." Under Section 16600, all post-employment noncompetition covenants are void. *Edwards v. Arthur Anderson LLP*, 44 Cal.4th 937 (2008) ("noncompetition agreements are invalid under section 16600, even if narrowly drawn, unless they fall within the applicable statutory exceptions").

18. As a citizen of the State of California, Plaintiff Ponte is entitled to the protections of the laws of the State of California, including the laws prohibiting non-competition and non-solicitation provisions that are illegal and void as against California public policy. Likewise, as an employer in California, Plaintiff Central is entitled to the protection of the laws of the State of California when hiring employees such as Plaintiff Ponte to work in and from California.

19. The non-competition and non-solicitation covenants in the written agreement containing restrictive covenants that exists between Plaintiff Ponte and Defendant fall squarely within the prohibition of Section 16600. If enforced, the non-competition provision would bar Plaintiff Pointe from rendering services to a competitor of Defendant Spectrum for a one year period, while the non-solicitation provisions would further bar Plaintiff Ponte from contacting or engaging in any business during the same one-year period with customers and other businesses with whom he had had involvement while at Spectrum. The restrictive covenants in the written agreement that exists between Plaintiff Ponte and Defendant Spectrum would thus restrict Plaintiff Ponte from engaging in his chosen profession and selling products that customers and other businesses desire *and* would further restrict Plaintiff Central in the course of its business from having Plaintiff Ponte work with

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

COMPLAINT FOR DECLARATORY RELIEF

6.

such customers. As an attempt to prohibit or restrict Plaintiff Ponte from accepting employment in California and practicing his chosen profession in California, and to restrict Plaintiff Central's ability to hire and employ Plaintiff Ponte in California, the non-competition and non-solicitation provisions in the written agreement containing restrictive covenants that exists between Plaintiff Ponte and Defendant Spectrum are void and unenforceable under California Business & Professions Code section 16600.

## CLAIM FOR DECLARATORY RELIEF

20. Plaintiff Ponte and Plaintiff Central incorporate herein by reference the allegations in paragraphs 1 through 19 above.

21. This claim seeks declaratory relief pursuant to the Declaratory Relief Act, 28 U.S.C. Sections 2201-2202.

22. An actual, present and justiciable controversy exists between Plaintiffs and Defendant exists with respect to the rights and duties of said parties under the terms of the written agreement containing restrictive covenants that exists between Plaintiff Ponte and Defendant Spectrum. Plaintiffs Ponte and Central contend that the non-competition and non-solicitation covenants found in the written agreement containing restrictive covenants that exists between Plaintiff Ponte and Defendant Spectrum are governed by California law and are invalid and unenforceable as a matter of law under California Business and Professions Code § 16600. Defendant Spectrum contends that the non-competition and non-solicitation provisions are enforceable and can be applied to preclude Plaintiff Ponte from working for a Spectrum competitor such as Plaintiff Central, and from contacting or doing business with certain customers and other businesses for a period of one year following the termination of Ponte's employment with Spectrum.

23. A judicial declaration is necessary and appropriate at his time so that Plaintiff Ponte can practice his chosen profession in California without fear of reprisal and receive lawfully earned compensation without exposing Plaintiff Central to liability for alleged violations of void and unenforceable provisions of the written agreement containing restrictive covenants that exists between Plaintiff Ponte and Defendant Spectrum.

COMPLAINT FOR DECLARATORY RELIEF

7.

24. No adequate remedy other than that herein prayed for exists by which the rights of the parties hereto may be determined.

25. Plaintiff Ponte and Central desire a declaration of rights under the written agreement containing restrictive covenants that exists between Plaintiff Ponte and Defendant Spectrum:

(a) That California applies to Plaintiff Ponte's employment;

(b) That California law applies to determine the enforceability of the restrictive covenants contained in written agreement that exists between Plaintiff Ponte and Defendant Spectrum;

(c) That the non-competition and non-solicitation restrictive covenants found in in the written agreement that exists between Plaintiff Ponte and Defendant Spectrum are void and violate California Business and Professions Code section 16600; and

(d) That Plaintiff Ponte is permitted to practice his chosen profession in the State of California, and that Plaintiff Central is permitted to employ Plaintiff Ponte to work in and from California.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Ponte and Central pray for judgment against Defendant Spectrum as follows:

1. For a declaration that California law applies to Plaintiff Ponte's employment;

2. For a declaration that applies to determine the enforceability of the restrictive covenants contained in the written agreement that exists between Plaintiff Ponte and Defendant Spectrum;

3. For a declaration that the non-competition and non-solicitation restrictive covenants found in the written agreement that exists between Plaintiff Ponte and Defendant Spectrum operate as an unlawful restraint upon the employment of Plaintiff Ponte by Plaintiff Central, and are thereby void under California Business and Professions Code section 16600;

4. For a declaration that Plaintiff Ponte is permitted to practice his chosen profession in the State of California, and that Plaintiff Central is permitted to employ Plaintiff Ponte to work in and from California;

5. For costs of suit incurred herein; and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

COMPLAINT FOR DECLARATORY RELIEF

8.

6. For such other and further relief as the Court deems just and proper.

Dated: April 2, 2015

PHILIP L. ROSS
JESSICA X. ROTHENBERG

LITTLER MENDELSON
A Professional Corporation


By: /s/ Philip L. Ross
      PHILIP L. ROSS

Attorneys for Plaintiffs
ANDREW J. PONTE and CENTRAL GARDEN AND PET COMPANY

Firmwide:132635757.1 043629.1048

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

COMPLAINT FOR DECLARATORY RELIEF

9.